**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

In Re:  James Anthony Ryan, III                                    CASE NO. 25-30541-KHK
Regina Deegan Ryan

## ORDER CONFIRMING PLAN

The Chapter 13 Plan filed by the Debtors on **June 27, 2025**, replaces all previously filed plans if any, having been transmitted to all creditors; and it having been determined that the plan meets each of the requirements of 11 U.S.C. § 1325(a);

**It is ORDERED that:**

(1) the Plan as filed or modified is CONFIRMED.

(2) The Debtors shall obtain prior Court approval of the following transactions, upon a motion that provides notice to the Chapter 13 Trustee and all necessary parties and disclose completely the transaction's proposed terms:
(a) the voluntarily incurrence of new debt, whether secured or unsecured, that causes the Debtors total principal amount borrowed post-petition to exceed $15,000 at any point in time;
(b) the transfer or sale of real or personal property with a value that exceeds $15,000;
(c) the refinance or modification of a loan secured by real or personal property;
(d) the encumbance of real or personal property

(3) The Debtors shall disclose the acquisition of real or personal property with a value that exceeds $15,000.

(4) All funds received by the Chapter 13 Trustee on or before the date of an order of dismissal shall be disbursed to creditors, unless such disbursement would be de minimis, in which case the funds may be disbursed to the Debtors or paid into the Treasury registry fund account of the Court, at the discretion of the Trustee. All funds received by the Chapter 13 Trustee after the date of the entry of the order of dismissal shall be refunded to the Debtors at their address of record.

(5) Notwithstanding any language contained in the plan, the deadline to file objections to claims is governed by Eastern District of Virginia Standing Order No. 15-4

(6) The holder of each secured claim provided for in paragraphs 4A or 4D of the Plan shall retain the lien securing such claim until the earlier of (i) the payment of the underlying debt determined under nonbankruptcy law or (ii) discharge under section 1328 or (iii) such lien is otherwise avoided by separate Court order entered in this case or associated adversary proceeding. If this case is dismissed or converted without completion of the Plan, such lien shall be retained by such holder to the extent recognized by applicable nonbankruptcy law.

(7) To the extent property of Debtors remains vested in the estate pursuant to Section 10 of the Plan, Debtors shall have sole and exclusive responsibility for maintenance and insurance of that property, and for payment of any ad valorem or other taxes that arise post-petition.

(8) Other provisions:

Dated: Aug 21 2025

/s/ Klinette H Kindred
United States Bankruptcy Judge

NOTICE OF JUDGMENT OR ORDER
Entered on Docket
Aug 22 2025

I ASK FOR THIS

/s/ Carl M. Bates

Carl M. Bates
Chapter 13 Trustee
P.O. Box 1819
Richmond, VA  23218
(804)237-6800
VSBN: #27815